DARLENE OOSTENDORF, appellee, v. DARRYL OOSTENDORF,
appellant.

No. 49823.

(Reported in 100 N.W.2d 19)

DECEMBER 15, 1959.

A. Wayne Eckhardt and William H. Wellons, both of Muscatine, for appellant.

Hanley & Hanley, of Muscatine, for appellee.

HAYS, J.—Plaintiff and defendant were married in June of 1958. It was a second marriage for the plaintiff, her first husband having been killed. She had two children by that marriage, age 3 and 2 years. After their marriage they lived for a while in one room in an attic and then moved in with defendant's folks

for a short time. Later they moved into a shack which had been used for a washhouse by his people. The two children lived with them. They separated in November of 1958.

At the trial the defendant-appellant offered no evidence, so the testimony of plaintiff and her corroborating witness stands uncontradicted. The record shows that he worked very little and often took plaintiff's wages from her for his own use. He drank to excess, was extremely profane and vulgar in his talk, was abusive to the children, and on many occasions struck and mistreated plaintiff to the extent that her body, arms and legs were covered with bruises. He made threats that he would kill her if she did not return to him. He molested her at her place of employment, a Maid-Rite stand. She was under the care of a doctor for several months for a nervous condition. She stated she was afraid of him.

Appellant, as a ground for reversal, relies solely upon the fact that plaintiff did not state that the cruel and inhuman treatment endangered her life. It is true she did not so state in so many words, but defendant's acts and conduct toward her speak far stronger than her mere statement to such effect. Under the record, the trial court is so clearly correct that we see no useful purpose in prolonging this opinion.

The decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.